IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BASAVARAJ HOOLI,                          :
                                          :
            Plaintiff,                    :
                                          :
      v.                                  : Civil Action No. 21-609-RGA
                                          :
JEANINE KLEIM, JR., et al.,               :
                                          :
            Defendants.                   :

---

Basavaraj Hooli, New Castle, Delaware.   Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

November 17, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Basavaraj Hooli, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on April 29, 2021.   (D.I. 2).   I will review and screen the Complaint under 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff filed this action as an appeal from a decision of the Justice of the Peace Court of Delaware in and for Kent County.   (D.I. 2 at 1).   The state court matter was dismissed for Plaintiff's failure to serve a complaint that he had filed against Jeanine Kleim who is also a defendant in the instant case.   (*Id.* at 3-4).

Plaintiff explains that he was homeless and went to the Dover Interfaith Mission. (*Id.* at 5).   At some point, he was hospitalized due to COVID, and during the hospitalization his personal belongings, including a gold ring and a neck chain and two passport, were taken.   (*Id.* at 1). He places a value of about $13,750 on the stolen items.   (*Id*. at 5).   Plaintiff claims that Interfaith personnel are responsible for the lost items.   (*Id*. at 5-6).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."   *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).   The Court must accept all factual allegations in a complaint as true and take them in the light most

favorable to a *pro se* plaintiff.   *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

A complaint is not automatically frivolous because it fails to state a claim.   *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).   "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"   *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.   *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).   However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.   *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"   *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014)

3

(quoting *Twombly*, 550 U.S. at 555).   In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility.   *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).   A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.   *See id*. at 11.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim.   *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).   Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Id*.

## DISCUSSION

The Complaint will be dismissed for lack of jurisdiction.   I have reviewed the Complaint and it does not raise a federal civil claim for violations of the United States Constitution or federal statutes.   *See* 28 U.S.C. § 1331.   While it is not clear whether the parties are citizens of different states, it is clear that the claimed damages are significantly below what is required for diversity jurisdiction.   *See* 28 U.S.C. § 1332. Finally, to the extent Plaintiff seeks to appeal a state court order, his remedy does not lie in federal court.   There is no appellate jurisdiction in this Court for appeals from state court, and, in particular, from a Justice of the Peace Court.

4

**CONCLUSION**

For the above reasons, the Court will the dismiss the Complaint for want of jurisdiction.    The Court finds amendment futile.

An appropriate order will be entered.